**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

MICHELLE L. GREW,

                Plaintiff,

-vs-                                      Case No.   2:07-cv-550-FtM-34SPC

MARK A. HOPPER, WILMER AND
MOLLIE HENDERSON, JAMES B.
FLEMING, DIANE CHEEVER, THOMAS
S. HEIDKAMP, JEFFREY LEASURE,
DOUGLAS N. MENCHISE Individually and
LEASURE & HEIDKAMP P.C.,

                Defendants.
_____

## ORDER

**THIS CAUSE** is before the Court on the following: (1) Defendants, Jeffrey Leasure and Leasure & Heidkamp, P.C.'s Motion to Dismiss (Dkt. No. 13; Motion to Dismiss 1), filed on October 15, 2007; (2) Defendant/Douglas N. Menchise's Motion to Dismiss Complaint and Memorandum of Law (Dkt. No. 15; Motion to Dismiss 2), filed on October 15, 2007; (3) Defendant James B. Fleming's Motion to Dismiss (Dkt. No. 25; Motion to Dismiss 3), filed on October 29, 2007; (4) Motion to Dismiss of Defendants Hopper and Henderson, Memorandum of Law and Certificate of Service (Dkt. No. 36; Motion to Dismiss 4), filed on November 19, 2007; and (5) Defendant Heidkamp's Motion to Dismiss (Dkt. No. 48; Motion to Dismiss 5), filed on November 27, 2007 (collectively "Motions to Dismiss").  Plaintiff has filed responses in opposition to the Motions to Dismiss.  See Plaintiff's Motion to Correct Scriveners Error and Motion to Strike Defendant Leasure and Menchise's Motion to Dismiss

(Dkt. No. 19; Response 1), filed on October 22, 2007; Plaintiff's Response to Defendant James B. Fleming's Motion to Dismiss (Dkt. No. 31; Response 2), filed on November 6, 2007; Plaintiff's Response to Defendant's Mark A. Hopper, Wilmer and Mollie Henderson's Motion to Dismiss Complaint (Dkt. No. 46; Response 3), filed on November 26, 2007; and Plaintiff's 1). Supplemental Response to Defendant's Leasure, Menchise, Fleming, Hopper, Henderson's Motion to Dismiss, 2). Response to Defendant Heidkamp's Motion to Dismiss and His Verified Motion to Vacate Default and Default Judgments, 3). Verified Motion to Strike all Defendant's Pleadings as a Sham, 4). Request for FEH Hearing, and 5). Motion for Order for Costs Against Defendant's Fleming and Hopper's Failure to Execute Waiver of Mail Service (Dkt. No. 55; Response 4), filed on December 3, 2007 (collectively "Responses").[1] Accordingly, the Motions to Dismiss are ripe for review.

In the Motions to Dismiss, Defendants argue that, while Plaintiff asserts, in her Complaint (Dkt. No. 1; Complaint), that this Court has diversity jurisdiction over the instant action, complete diversity of citizenship is lacking in the instant case. See Motion to Dismiss 1 at 1-2; Motion to Dismiss 2 at 2; Motion to Dismiss 3 at 1-2; Motion to Dismiss 4 at 2; Motion to Dismiss 5 at 1-2. They also contend that the Complaint fails to state a claim upon which relief can be granted. See Motion to Dismiss 1 at 2; Motion to Dismiss 2 at 2; Motion to Dismiss 3 at 2; Motion to Dismiss 4 at 3; Motion to Dismiss 5 at 1-2 Motion to Dismiss 1

---

[1] Several of the responses contained separate motions. Specifically, Plaintiff has asked the Court for the following relief: (1) grant her leave to correct a scriveners error in the Complaint regarding this Court's jurisdiction, see Response 1 at 1, 2, 8; (2) strike the Motions to Dismiss, see Response 1 at 1, 8, Response 4 at 1, 14; and (3) hold a hearing on the Motions to Dismiss, see Response 4 at 1, 14. As the Court finds that the Motions to Dismiss are due to be granted, in part, and that Plaintiff should be given an opportunity to file an Amended Complaint, the remaining motions are **denied as moot**.

at 1, 5-7; Motion to Dismiss 2 at 2.  Moreover, Defendants maintain that the Complaint is due to be dismissed because it fails to comply with Rules 8, 9, and 10 of the Federal Rules of Civil Procedure.  See Motion to Dismiss 1 at 2-3; Motion to Dismiss 2 at 3; Motion to Dismiss 3 at 2-3; Motion to Dismiss 4 at 2; Motion to Dismiss 5 at 3.  In addition, Defendants Douglas Menchise and Thomas S. Heidkamp argue that Plaintiff failed to obtain leave from the Bankruptcy Court prior to filing the instant action against Thomas S. Heidkamp, the acting and former Chapter 7 Trustee in Plaintiff's pending bankruptcy case, as required by Barton v. Barbour, 104 U.S. 126 (1881).  See Motion to Dismiss 2 at 2-3; Motion to Dismiss 5 at 2.

In ruling on a motion to dismiss, the Court "must accept the allegations set forth in the complaint as true." Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).  Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erikson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)).  Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face," Bell Atlantic, 127 S.Ct. at 1974.  The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." Id. at 1964-65 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).

Having painstakingly reviewed the Complaint, the Court finds that the Motions to dismiss are due to be **granted** to the extent that the Complaint is due to be dismissed without prejudice.[2]  The Complaint fails to comply with Rules 8 or 10 of the Federal Rules of Civil Procedure.  Rule 8 provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Fed.R.Civ.P. 8(a)(2).  The Complaint, which contains 74 numbered paragraphs and is 29 pages long, does not constitute a "short and plain statement" of Plaintiff's claims. In addition, Rule 10(b) provides that claims based upon separate transactions or occurrences must be plead in separate counts.  See Fed.R.Civ.P. 10(b).  While Plaintiff appears to allege a number of causes of action in the Complaint arising from her pending bankruptcy case, including malicious prosecution, falsification of bankruptcy records, conspiracy, obstruction of justice, bribery, witness tampering, and mail and wire fraud, she fails to plead these discrete claims in separate counts.  Moreover, upon review of the Complaint, it is completely unclear what factual allegations support which claims for relief.  Thus, the end result is a rambling, disorganized, and unintelligible Complaint.

---

[2] The Motions to Dismiss will be **denied** to the extent that Defendants seek the dismissal of the Complaint with prejudice. See Motion to Dismiss 2 at 4; Motion to Dismiss 4 at 3.

While the Court acknowledges that pro se pleadings are construed more liberally than those drafted by an attorney, Plaintiff is, nevertheless, required to follow the "minimum pleading standards" set forth in the Federal Rules of Civil Procedure.  See Dismuke v. Florida Bd. of Governors, No. 8:05CV340T17TBM, 2005 WL 1668895, at *4 (M.D Fla. July 8, 2005); see also Jarzynka v. St. Thomas Univ. Schl. of Law, 310 F.Supp.2d 1256, 1264 (S.D. Fla. 2004); Beckwith v. Bellsouth Telecommunications Inc., 146 Fed. Appx. 368, 371 (11th Cir. 2005).  However, in light of Plaintiff's pro se status, the Court will provide Plaintiff with an opportunity to file an Amended Complaint.  Pursuant to Rules 8(a)(2) and 10(b), the Amended Complaint shall set forth separate causes of action in numbered counts against specific defendants and contain "a short and plain statement" of Plaintiff's claims demonstrating that Plaintiff is entitled to relief.  See Fed.R.Civ.P. 8(a)(2), 10(b). In particular, Plaintiff should describe in sufficient detail the factual basis for each of her claims and how each defendant is responsible.  In addition, Plaintiff is directed to set forth in the Amended Complaint the basis of this Court's jurisdiction over the instant action.  See  Fed.R.Civ.P. 8(a)(1) (stating that a Complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends").[3]  In the event that Plaintiff raises allegations of fraud in the Amended Complaint, Plaintiff is cautioned that "the circumstances constituting fraud . . [must] be stated with particularity."  See Fed.R.Civ.P. 9(b).  Finally, Plaintiff is

---

[3] As noted above, Defendants assert that complete diversity jurisdiction is lacking in the instant action.  See Motion to Dismiss 1 at 1-2; Motion to Dismiss 2 at 2; Motion to Dismiss 3 at 1-2; Motion to Dismiss 4 at 2; Motion to Dismiss 5 at 1-2. In the Responses, Plaintiff indicates that she mistakenly wrote "diversity jurisdiction" instead of "subject matter and federal question jurisdiction." See Response 1 at 2; see also Response 2 at 1; Response 3 at 1-2.  Thus, the Court will provide Plaintiff an opportunity to clarify how it has subject matter jurisdiction over the instant action.

5

directed to advise the Court whether she obtained leave of the bankruptcy court prior to initiating the instant action against Defendant Thomas S. Heidkamp, the Trustee in Plaintiff's pending bankruptcy case. See Carter v. Rodgers, 220 F.3d 1249, (11th Cir. 2000) (holding that, under the Barton doctrine, "a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer for acts done in the actor's official capacity").

In light of the foregoing, it is

**ORDERED:**

1. Defendants, Jeffrey Leasure and Leasure & Heidkamp, P.C.'s Motion to Dismiss (Dkt. No. 13) is **GRANTED, IN PART, AND DENIED IN PART**.

   a. The Motion to Dismiss is **GRANTED** to the extent that the Complaint is dismissed without prejudice.

   b. Otherwise, the Motion to Dismiss is **DENIED**.

2. Defendant/Douglas N. Menchise's Motion to Dismiss Complaint and Memorandum of Law (Dkt. No. 15) is **GRANTED, IN PART, AND DENIED IN PART**.

   a. The Motion to Dismiss is **GRANTED** to the extent that the Complaint is dismissed without prejudice.

   b. Otherwise, the Motion to Dismiss is **DENIED**.

3. Defendant James B. Fleming's Motion to Dismiss (Dkt. No. 25) is **GRANTED, IN PART, AND DENIED IN PART**.

   a. The Motion to Dismiss is **GRANTED** to the extent that the Complaint is dismissed without prejudice.

   b. Otherwise, the Motion to Dismiss is **DENIED**.

 4. The Motion to Dismiss of Defendants Hopper and Henderson, Memorandum of Law and Certificate of Service (Dkt. No. 36) is **GRANTED, IN PART, AND DENIED IN PART**.

   a. The Motion to Dismiss is **GRANTED** to the extent that the Complaint is dismissed without prejudice.

   b. Otherwise, the Motion to Dismiss is **DENIED**.

 5. Defendant Heidkamp's Motion to Dismiss (Dkt. No. 48) is **GRANTED, IN PART, AND DENIED IN PART**.

   a. The Motion to Dismiss is **GRANTED** to the extent that the Complaint is dismissed without prejudice.

   b. Otherwise, the Motion to Dismiss is **DENIED**.

 6. Plaintiff shall file an Amended Complaint consistent with the directives of this Order on or before February 8, 2008.

 7. Defendants shall plead in response to the Amended Complaint in accordance with the requirements of Rule 12 of the Federal Rules of Civil Procedure.

 8. Plaintiff's Motion to Correct Scriveners Error and Motion to Strike Defendant Leasure and Menchise's Motion to Dismiss (Dkt. No. 19) is **DENIED AS MOOT**.

9. Plaintiff's Verified Motion to Strike all Defendant's Pleadings as a Sham and Request for FEH Hearing (Dkt. No. 55) are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Myers, Florida, this 9th day of January, 2008.

**MARCIA MORALES HOWARD**
United States District Judge

lc3

Copies to:

Counsel of Record